UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL S. AMADOR II, | CASE NO. CV24-00737 |
| Petitioner, | ORDER |
| v. | |
| LISA ANDERSON, | |
| Respondent. | |

This matter comes before the Court on Magistrate Judge Brian A. Tsuchida's Report and Recommendation (R&R) recommending that the Court deny and dismiss with prejudice petitioner Amador's petition for writ of habeas corpus and decline to issue a certificate of appealability. Dkt. 23.

The parties agree that the R&R accurately details the underlying facts leading to Amador's conviction and the procedural history of this case. Dkt. 23 at 1–5. The Court incorporates by reference that overview here.

The thorough R&R rejects each of Amador's four grounds for habeas relief. Amador makes numerous and at times repetitive and overlapping objections to the R&R's analysis. A summary of the R&R's conclusions and Amador's objections follows:

(1) **Public trial right**

Amador asserts that the trial court violated his Sixth Amendment public trial right while the parties discussed and reached an agreement on the challenge for cause of a juror. Dkt. 3 at 5. The juror commented on how common it was for sexual abuse to occur in Latino homes. The trial court granted a defense motion to examine whether the comment tainted the panel. The prosecutor verbally endorsed that juror's commentary, and the court interrupted the parties' discussion and called a recess. While in recess the parties reached an agreement to excuse the prospective juror for cause. No court reporter was present to record the agreement.

The R&R correctly concludes Amador waived his public trial right claim because he did not object to the manner of the discussion about the prospective juror, nor raise a Sixth Amendment claim on direct review. Dkt. 23 at 12. It concludes that Amador failed to distinguish his case from the Supreme Court's ruling in *Levine v. United States*, 362 U.S. 610, 619 (1960) (defendant can waive the public trial right guarantee by failing to object to closure of the proceedings). *Id*. It found that Amador "points to no evidence in the record of any action taken by the trial court to 'close' the courtroom" and that his "speculation and inuendo" is insufficient. *Id*. at 13.

Amador objects to these conclusions. He argues that the R&R mistook the record because there were "significant changes in the State's position that occurred during the

recess and outside of the public eye" because the prosecutor no longer opposed dismissing the juror for cause after the recess. Dkt. 24 at 4. He objects to the R&R's conclusion that *Levine* governs his case and that he failed to establish the trial court closed the courtroom. He asserts that *Levine* is distinguishable in part because the petitioner there "had no right to have the general public present while the grand jury's questions were being read." *Id*. In contrast, he argues that there was plainly impermissible secrecy in his proceedings because "an agreement was made outside the presence of the public and where there is no court reporter reporting what the parties stated." *Id*. at 6.

**(2) Peremptory challenge procedure**

Amador asserts that the trial court's peremptory challenge procedure denied equal protection, due process, and fair and impartial jury in violation of Sixth and Fourteenth Amendments. Dkt. 3 at 7. The trial court used General Rule (GR) 37, which establishes a framework more protective than *Batson* for evaluating bias in the use of a peremptory challenge. Under GR 37, a party may object to the use of a peremptory challenge on the basis of bias, the party exercising the challenge must articulate the reasons for using the peremptory challenge, and the trial court must determine whether an objective observer could view race or ethnicity as a factor in the use of the peremptory challenge; if the trial court finds in the affirmative on that question, it must deny the peremptory challenge. GR 37(c)-(e). The trial court may initiate this analysis on its own. GR 37(c).

Like the state appellate courts before it, the R&R acknowledged that the trial court misinterpreted GR 37 in its instructions to the parties when it asserted that that GR 37 applied to "persons of color or of ethnicity other than white," that the rule focused on

1  "groups who have been discriminated against recently," and that Jews were not included
2  in GR 37 protections. Dkt. 23 at 18. It concluded however that Amador "fails to provide
3  any argument or explanation to support a finding the state courts' determination that this
4  error made no difference in the case was unreasonable." *Id*. at 19. It reasoned further that
5  Amador lacks "United States Supreme Court precedent supporting a contention that an
6  error in implementing state law peremptory challenge procedures is a violation of federal
7  law when there is no evidence that the error affected the assessment of any peremptory
8  challenges." *Id*. Finally, it reasoned that there is "nothing in the record to indicate the
9  parties were precluded from bringing a motion under *Batson* with respect to any
10  peremptory challenge or that the trial court would not have ruled on a motion brought
11  under *Batson* that was outside the bounds of its GR 37 ruling." *Id*. at 20.

12　　　Amador objects to these findings. He reiterates his argument that the fact that the
13  trial court's procedure violated GR 37 "destroyed" the framework for evaluating bias and
14  is a sufficient "structural error" for an Equal Protection and Due Process violation. Dkt.
15  24 at 11. He asserts that the error did "make a difference in his case" because with a
16  structural error, "harm is presumed" and the state court's decision that the errors made no
17  difference is therefore an unreasonable application of federal law. He asserts that he need
18  not provide a Supreme Court case with a similar fact pattern to support his position. *Id*. at
19  11–13 (citing *Windham v. Merkle,* 163 F.3d 1092, 1096 (9th Cir. 1998) ((constitutional
20  error in jury selection is structural)). He counters the R&R's point that nothing precluded
21  him from making a *Batson* motion by asserting that he "did not have to" because GR 37
22  is "meant to provide better protection against discrimination" than *Batson*. *Id*. at 15.

        (3) **Peremptory challenges of Asian American jurors**

Amador contends the prosecutor's peremptory strikes of two Asian American jurors (numbers 12 and 63) violated equal protection by demonstrating racial bias in violation of Sixth Amendment. Dkt. 3 at 8. Regarding juror 12, the R&R concluded that Amador's "[p]ointing to reasons the trial court could have denied the peremptory does not establish that it was unreasonable for the court to credit the prosecutor's race-neutral explanation." Dkt. 23 at 25. Regarding juror 63, it noted that Amador did not object to the use of a peremptory challenge, but rather the trial court conducted a GR 37 analysis on its own motion. *Id*. at 26. As with juror 12, the R&R concluded that Amador did not establish that the state courts' decision to credit the prosecutor's race-neutral explanations was unreasonable. *Id*. at 28.

Amador objects to these conclusions. He argues that the state courts failed to discern the possibility of discriminatory intent, and that because the two peremptory strikes of Asian-Americans occurred under the structurally defective GR 37 framework, the strikes were constitutionally defective. He argues it was unreasonable for the state courts to credit the prosecutor's race-neutral explanations for the *Batson* challenge because "the record proves the existence of purposeful racial discrimination," particularly given the similarity of the challenged juror's answers as to other prospective jurors. *Id*. at 16, 20. He argues it was unreasonable for state courts to conclude the incorrect GR 37 process could not have affected the peremptory challenges. He asserts that because of the errors the "taint of discrimination was already in the courtroom." Dkt. 24 at 17–18. He asserts that the state court failed to consider that the prosecutor failed to conduct any

"follow up questioning over the allegedly concerning responses" and thus failed in its duty to ensure a biased free voir dire under *Batson*. *Id*. at 24–25.

**(4) Ineffective assistance of counsel**

Amador contends his trial counsel's representation amounted to ineffective assistance of counsel because he failed to impeach the State's principal witnesses, to retain and present the testimony of two expert witnesses, and to present additional material to the jury that would have supported the defense. Dkt. 3 at 10. The R&R provided a detailed review of the state courts' decisions on these issues, concluded that the state courts reasonably found Amador had not established deficient performance, and determined that he again failed to establish error in the state courts' analysis in his petition and at times made speculative assertions without citation to the record. Dkt. 23 at 32–33.

Amador does not object to any of the R&R conclusions regarding his ineffective assistance of counsel grounds for habeas relief.

**A.    Legal Standard and Analysis**

A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3). It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

The Court must "review the Magistrate Judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citing § 636(b)(1)(C)). A proper objection requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

The Court has reviewed the record de novo for each of the R&R's conclusions to which Amador objected. He has not established that this is the rare case where a federal court should intervene and correct or enjoin an unconstitutional state criminal proceeding. The R&R thoroughly reviewed the substantial record and correctly applied the applicable caselaw. Amador's objections fail to address the critical points in the R&R, and instead largely reiterate arguments that it and the state courts considered and rightly rejected. In his public trial right argument, he fails to address the impact of his failure to object to the alleged court closure, and his attempt to distinguish his case from *Levine* is consequently

unavailing. His objections to the state court's GR 37 analysis fail to establish any violation of federal law and fail establish that the state courts' conclusion that the trial court's GR 37 procedure did not result in any improperly struck jurors or affect the assessment of any preemptory challenges is unreasonable. He additionally fails to show that the state courts' conclusions regarding the peremptory challenges of two Asian American jurors were unreasonable or a violation of federal law. His disagreement with the trial court crediting the prosecutor's race neutral reasons is not sufficient to render that conclusion unreasonable on this record. Regarding the ineffective assistance of counsel ground for habeas relief, Amador did not object to the R&R's conclusions and the Court finds that the R&R is not clearly erroneous or contrary to law on this point.

His objections are **OVERRULED**, the R&R is **ADOPTED**, and Amador's habeas petition is dismissed without prejudice. For the reasons outlined in the R&R, Amador has not shown that a reasonable jurist could disagree that the court's resolution of his constitutional claims, or that a jurist could conclude the issues presented are adequate to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court will **NOT ISSUE** a 28 U.S.C. § 2254(c) certificate of appealability.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2025.

BENJAMIN H. SETTLE
United States District Judge